O

8    UNITED STATES DISTRICT COURT

9    CENTRAL DISTRICT OF CALIFORNIA

JAMES STEVEN DAVIS,                    )   Case No. CV 14-09712 RGK (PJWx)
                                       )
              Plaintiff,               )   **ORDER DENYING MOTION TO**
                                       )   **DISQUALIFY JUDGE R. GARY KLAUSNER**
       v.                              )
                                       )   [Dkt. Nos. 25, 26]
OFFICE OF THE FEDERAL PUBLIC           )
DEFENDER, et al.,                      )
                                       )
              Defendants.              )
_____       )

       Plaintiff in this case moves to disqualify Judge R. Gary
Klausner, to whom the case is assigned, on the grounds of bias,
under 28 U.S.C. § 144.

       Section 144 is substantively the same as 28 U.S.C. §
455(b)(1), which in turn is merely a specific application of §
455(a).  United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980).
As the Ninth Circuit has explained:

   The test under § 455(a) is whether a reasonable person with

      knowledge of all the facts would conclude that the judge's

      impartiality might reasonably be questioned.  Typically, a

      judge's partiality must be shown to be based on information

1   from extrajudicial sources, although sometimes, albeit

2   rarely, predispositions developed during the course of a

3   trial will suffice.  In the instance where the partiality

4   develops during the course of the proceedings, it can be the

5   basis of recusal only when the judge displays a deep-seated

6   and unequivocal antagonism that would render fair judgment

7   impossible.

8   F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc., 244 F.3d

9   1128, 1144-45 (9th Cir. 2001) (internal quotations and citations

10  omitted).

11      Plaintiff's motion and affidavit do not refer to any extra-

12  judicial sources.  Rather, Plaintiff argues that Judge Klausner

13  "must be" biased against him, because Judge Klausner "refuses" to

14  order production of certain documents or other evidence that

15  Plaintiff asserts are exculpatory.  (Affidavit at 2:25-3:4.)

16  Although the motion and affidavit do not include any citations to

17  the record, the Court surmises that Plaintiff is referring to Dkt.

18  Nos. 452 and 453 in Case No. 2:04-cr-00770-RGK, and possibly also

19  to Dkt. Nos. 1 and 3 in Case No. 2:14-cv-02504-RGK.

20      In the criminal case, No. 2:04-cr-00770-RGK, Plaintiff moved

21  for an order requiring the government to turn over certain

22  unspecified "property and documents the Government is still

23  holding" that were "relevant to" Plaintiff's claim of actual

24  innocence as to crimes of which he had been convicted.  (Dkt. No.

25  452.) Judge Klausner denied that motion in a minute order, for two

26  reasons: first, Plaintiff, having been declared a vexatious

27  litigant, was not permitted to file documents with the court

28  without prior approval; and second, because Plaintiff had appealed

2

his case to the circuit court, the motion should have been made before that court instead. (Dkt. No. 453.)

In a related civil case, No. 2:14-cv-02504-RGK, Plaintiff moved for return of "either my personal property or property from my Law Firm" seized during investigation of the criminal matter. (Dkt. No. 1.) Judge Klausner denied this motion as well, on the ground that "Petitioner has filed many civil lawsuits and appeals seeking to challenge his conviction and establish his 'actual innocence' to the Court," and therefore there was a "legitimate reason" for the government to retain the seized property. (Dkt. No. 3.)

Plaintiff alleges that Judge Klausner "must" have acted "based on some bias or prejudice he has against me, precisely because I continue to claim my unwavering, well founded position of my Actual Innocence." (Affidavit at 3:2-4.) The only evidence of such actual bias that Plaintiff presents, however, is that Judge Klausner has not ruled in his favor despite that fact that (1) Plaintiff's own attorney has "made an independent determination of my Actual Innocence," (2) "case law supports" Plaintiff's motions, and (3) Judge Klausner's rulings are unfair. (Id. at 2:5-6, 2:17-19, 3:9.) Even if the Court assumes these alleged facts are true, however, none of them shows "a deep-seated and unequivocal antagonism that would render fair judgment impossible." Hanshaw, 244 F.3d at 1145. Plaintiff's lawyer's opinion of Plaintiff's case is simply irrelevant to Judge Klausner's rulings. And if it is true that case law supports Plaintiff's positions and that Judge Klausner's rulings were therefore "unfair," the most that can be

1  inferred from that fact is that the judge made an error.  Error is
2  not the same as antagonism.
3       The Court finds no ground for disqualification of Judge
4  Klausner in this case.  The motion is therefore DENIED.
5
6  IT IS SO ORDERED.
7
8
9  Dated: February 19, 2015
10                                        DEAN D. PREGERSON
                                          United States District Judge
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4